United States Court of Appeals,

Fifth Circuit.

No. 92-2665.

Georganne ROBINSON, Plaintiff-Appellant,

v.

STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellee.

Feb. 3, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before VAN GRAAFEILAND,[*] SMITH and WIENER, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Georganne Robinson, who secured a judgment against State Farm Fire & Casualty Company ("State Farm") for a fire loss covered by a State Farm policy, appeals from the district court's direction of a verdict in favor of State Farm on all of Robinson's non-contractual claims and its summary dismissal of her cause of action for alleged negligent claim handling. Robinson also challenges various interlocutory orders, a post-trial motion for a new trial based on the district judge's failure to recuse himself, and the district court's calculation of attorney's fees that were included in the judgment. We affirm in part and remand in part.

Robinson is a homeowner who at the time of the incidents involved herein was insured under a Texas standard homeowner's policy issued by State Farm. Robinson's home was heavily damaged by two separate fires which occurred within a six-month period of time. The losses resulting from the first fire were paid. In calculating her losses from the second fire, Robinson arrived at a total figure of $164,395.54. This included $57,803.86 for structural damage, $73,871.68 for damage to the contents, and $32,720.00 for additional living expenses. State Farm's calculations produced figures of $15,539.02 for the structure and $10,722.00 for the contents. In addition, State Farm claimed a credit of $20,595.69 against the demand for additional living expenses for payments it had made, directly or indirectly, to Robinson. Following a jury trial, final judgment was entered in

_____

[*]Senior Circuit Judge of the Second Circuit, sitting by designation.

Robinson's favor in the amount of $34,363.29 plus $25,000.00 in attorney's fees.

Looking at the foregoing summary of the parties' contentions, one is led to wonder why the district court's docket sheet contains more than one hundred entries and why the case took six days to try. At the attorney's fee hearing, the district judge commented that the case was "over-worked," "over-prepared," and "over-done." After reading the record and Robinson's heavily-footnoted 40-page appellant brief and 21-page reply brief in which nine alleged errors of the trial court are discussed, we are inclined to agree. This overkill is the result of the efforts of Robinson's attorney to prove a breach of State Farm's common law duty of good faith and fair dealing, as created in *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987), and a violation of the interrelated provisions of sections 17.46 and 17.50 of the Texas Deceptive Trade Practices Act and Article 21 of the Texas Insurance Code.

In *Arnold, supra,* the Texas Supreme Court held that insurers must deal fairly and in good faith with their insured in the processing and payment of claims. 725 S.W.2d at 167. In *Aranda v. Insurance Co. of North Am.,* 748 S.W.2d 210 (Tex.1988), the Texas Supreme Court enlarged on the elements of this claim, stating that in order to prevail on a claim for the breach of the duty of good faith and fair dealing an insured must show:

> (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy and (2) that the [insurer] knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

*Id.* at 213. In defining the specific elements of this common law claim, the *Aranda* court also stated that, under its test, insurers "maintain the right to deny invalid or questionable claims and will not be subject to liability for an erroneous denial of a claim." *Id.* In other words, the existence of a "bona fide controversy is a sufficient reason for failure of an insurer to make a prompt payment of a loss claim." *St. Paul Lloyd's Ins. Co. v. Fong Chun Huang,* 808 S.W.2d 524, 526 (Tex.App.—Houston [1st Dist.] 1991, writ denied). *See also St. Paul Guardian Ins. Co. v. Luker,* 801 S.W.2d 614, 618 (Tex.App.—Texarkana 1990, no writ); *Dixon v. State Farm Fire & Casualty Co.,* 799 F.Supp. 691, 694 (S.D.Tex.1992).

The Texas Insurance Code and the Deceptive Trade Practices Act are in large measure

statutory fleshings-out of the already existing, common law requirements.  Among an insurer's practices specifically condemned by the Code is "Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them."  Unfair Claim Settlement Practices Rules $ .003(5).  Because Robinson places substantial reliance on this provision, we dispose of it before addressing the general issue of good faith and reasonableness.  As above stated, the judgment below was for $34,363.29.  State Farm's offer was $26,261.02 and Robinson's demand was $164,395.54.  Assuming for the sake of argument that State Farm's offer was "substantially less" than the amount of the judgment, this was not what compelled Robinson to institute suit.  Rather, it was Robinson's greatly excessive demand.  There was nothing for the jury to consider on this issue, and the district court correctly rejected Robinson's claim based on Rule .003(5).

Robinson's general contentions of bad faith are equally without merit.  State Farm based its payment offers on estimates prepared by an experienced insurance adjuster and also by two contractors who had prepared estimates on the first fire.  It thus had a reasonable basis for its offers and had no reason to doubt that it had a reasonable basis.  Because a bona fide dispute then existed as to the amount of Robinson's loss, there can be no claim of bad faith on State Farm's part.

Robinson's only argument in support of her contention that State Farm acted unreasonably was that State Farm allegedly used an improper method of calculating the combined damage from the two fires by assessing the damages separately and paying the total of the two assessments.  Robinson contends that State Farm should have calculated the amount owed her for the damage caused by the second fire by valuing the total loss, then subtracting out the first fire payments and treating the difference as the second fire loss.  This method of calculation would have to be based on assumptions that payments for the first loss were accurate and not limited in amount by policy limitations, and that all of the damage disclosed after the second fire was caused by the two fires and nothing else, assumptions that are unwarranted in the instant case.  State Farm's offers were based on estimates prepared by an experienced adjuster and two contractors.  Needless to say, their figures were much closer to the amounts actually awarded than were Robinson's.  There was no evidence upon which

a jury could make a finding of bad faith or unreasonableness, and the district court did not err in directing a verdict in favor of State Farm on these issues.

The district court likewise did not err in summarily dismissing Robinson's claim that State Farm was negligent in its handling of Robinson's claim. *See United Services Automobile Ass'n v. Pennington,* 810 S.W.2d 777, 783-84 (Tex.App.—San Antonio 1991, writ denied).

Robinson's subsidiary contentions require little comment. Her claim that District Judge Black should have recused himself because he was a State Farm policyholder borders on the trivial. In the first place, Robinson was informed of this fact before the trial commenced and did not seek recusal until after the trial was over. *See United States v. York,* 888 F.2d 1050, 1055-56 (5th Cir.1989). Secondly, because the outcome of the instant proceeding would not have so substantially affected the value of Judge Black's interest as a policyholder to require his recusal if State Farm were a mutual company, *see* 28 U.S.C. § 455(d)(4)(iii), it certainly would not require his recusal if, as was the fact, State Farm was a stock company. We find nothing in Judge Black's conduct and rulings to warrant a charge of bias. *See Phillips v. Joint Legislative Committee on Performance & Expenditure Review,* 637 F.2d 1014, 1019-21 (5th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982).

We discern no prejudicial abuse of discretion in any of the eight evidentiary rulings that Robinson challenged. *See Harrell v. DCS Equip. Leasing Corp.,* 951 F.2d 1453, 1464 (5th Cir.1992). At the outset, we note that some of the evidence claimed to have been improperly excluded was in fact not excluded, or was rejected because it was not proper rebuttal evidence. *See Cates v. Sears Roebuck & Co.,* 928 F.2d 679, 685 (5th Cir.1991). Furthermore, the district judge quite properly attempted to limit the proof to the dispositive issues in the case and to exclude evidence whose probative value was not outweighed by its tendency to delay the trial or prejudiciously obfuscate the issues. To the extent, if any, that there was error, it was harmless error that did not deprive Robinson of a fair trial.

The district court did not err in denying Robinson's belated motion to amend her complaint by adding two adjusters and an agent as additional defendants, thus divesting the district court of

diversity jurisdiction and permitting Robinson to seek a remand to state court. Further justification for this ruling can be found in the apparent unlikelihood that Robinson had any claims against the named individuals. *See Ayoub v. Baggett,* 820 F.Supp. 298 (S.D.Tex.1993). Similarly, the district court did not err in refusing to permit Robinson to amend her complaint to include claims arising out of the first fire. Final payment of all claims arising out of the first fire had been made on June 20, 1989, more than two years prior to the motion to amend.

A district court's rulings on discovery motions are largely discretionary and will be reviewed only when they are arbitrary or clearly unreasonable. *Mayo v. Tri-Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir.1986). The district court weighed Robinson's demands against the evidence already produced and the issues being litigated, and decided that further discovery was unnecessary and largely irrelevant. There was no prejudicial error here.

Having disposed of Robinson's meritless claims of error, we now come to her two contentions that have some substance: (1) the computations that the district court made in transposing the jury's verdict into the judgment and (2) the procedure followed by the court in determining the attorney's fee.

*THE JUDGMENT*

The jury was not asked to render a general verdict. Instead, by means of special interrogatories it was asked to determine the losses for damage to the dwelling and the contents and to state the amount of additional living expenses to which Robinson was entitled. The judge instructed the jury that when he got the jury's dollar values he would sit down with the lawyers, because there were deductions and policy limits to be considered. He told the jury not to be concerned with amounts that had been paid "because we can deduct that." The jury computed the losses for damage to the structure at $22,500.00 and to the contents at $26,000.00. It computed additional living expenses to be $37,112.00. In adjusting the figure for additional living expenses, the court deducted $4,392.00 because the jury's award was that much in excess of the policy limits. An additional $20,595.69 was deducted because it already had been paid. According to the record, between the rendition of the verdict and the entry of judgment, State Farm sent Robinson a check for

$26,261.02, the amount of its damage computation. The $34,363.29 judgment is the difference between that payment and the redacted jury award.

We have no problem with the result thus reached. We are satisfied, however, that the judgment contains an error in its direction for the computation of interest. State Farm did not make a valid unconditional tender of the $26,261.02 until shortly before judgment was entered. *See Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1164-65 (5th Cir.1976). Accordingly, in addition to the amount of prejudgment interest directed to be computed in the judgment, Robinson was entitled to prejudgment interest on the $26,261.02 up until the date it was paid. The judgment should be amended accordingly.

## *ATTORNEY'S FEES*

In determining whether the district court properly calculated attorney's fees, we need not answer the as-yet unanswered question whether state or federal law controls the calculation of fees as distinguished from their entitlement. *See Powell v. Old Southern Life Ins. Co.,* 780 F.2d 1265, 1267-68 (5th Cir.1986). This is because the Texas courts look to many of the same factors as do the federal courts in making attorney-fee awards. *See Atlantic Richfield Co. v. Manges,* 702 F.2d 85, 87 (5th Cir.1983). The district court below received evidence relating to a number of these factors but then, after stating that plaintiff's attorney had "built this case far out of proportion," continued "I'm going to award a reasonable amount of attorney's fees solely because I want Ms. Robinson to have the amount that she would have gotten if she had settled this case many years ago. I'm going to award 25,000 dollars in attorney's fees." Whether we look to federal or state law for guidance, this was not an adequate explanation concerning the appropriateness of the award. Accordingly, the award of attorney's fees must be vacated and the matter remanded to the district court for a more adequate explanation of the result reached. In making this remand, we do not imply that the $25,000.00 figure is not a proper one. On the present record, we are not in a position to say.

## *CONCLUSION*

We AFFIRM the judgment appealed from in all respects except for the above discussed provision for computing prejudgment interest and the award of attorney's fees. As to the interest

award, we direct that the computation of prejudgment interest should include interest on $26,261.02. As to the award of attorney's fees, we REMAND for a further and more complete statement by the district court as to how it arrived at the figure of $25,000.00.

No costs to either side on this appeal.