IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-10342
Summary Calendar
_____

PENNY HESS,

Plaintiff-Appellant,

versus

NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:99-CV-407-R
_____

August 9, 2002

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:*

Penny Hess appeals the district court's judgment in favor of
Hess's insurer, Nationwide Mutual Insurance Company ("Nationwide").
Finding no error, we affirm the district court's judgment.

I

This case arises out of a motor vehicle accident involving
Hess and Refugio Barrientos. On March 15, 1998, Barrientos -- who
was allegedly intoxicated at the time -- struck Hess when he failed
to yield to her and made a lefthand turn into her 1981 Ford pick-up

_____

*Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

truck. Hess brought suit against Barrientos and eventually settled for Barrientos's applicable insurance policy limit of $20,205. Hess then filed two claims with her insurer, Nationwide. She claimed personal injury protection benefits and underinsured motorist benefits. Nationwide paid the personal injury protection claim and offered to settle the underinsured motorist claim. Hess rejected the settlement offer and filed a complaint against Nationwide in Texas state court alleging that (1) Nationwide arbitrarily and in bad faith refused to compensate her for her injuries and (2) breached its contractual obligation to pay damages caused by Barrientos's negligence beyond the amount paid by Barrientos's insurer. Specifically, she alleged that Nationwide breached the duty of good faith and fair dealing under Texas law in connection with its proposed settlement of Hess's underinsured motorist claim.

Nationwide removed the case to federal court, where it filed a motion for partial summary judgment on the bad faith claim. The motion for partial summary judgment was referred to a magistrate judge for recommendation. The magistrate judge recommended granting Nationwide's motion for partial summary judgment and dismissing the bad faith claim with prejudice. After an independent review of the record, the district court adopted the magistrate judge's recommendation and dismissed Hess's bad faith claim. Following the district court's grant of partial summary

2

judgment in favor of Nationwide, the sole remaining question was the amount of compensable damages caused by Barrientos's negligence. This issue was tried before a jury, which found that Hess was entitled to $6,093.94 in damages. Because this amount was less than the $20,025 settlement that Hess received from Barrientos's insurer, the district court ordered that Hess take nothing. This appeal followed.

II

On appeal, Hess primarily challenges the district court's grant of partial summary judgment in favor of Nationwide. Hess argues that the district court erred for two primary reasons. First, Hess argues that she produced sufficient evidence to survive summary judgment on her extra-contractual bad faith claim. Second, she argues that summary judgment was not appropriate in this case because there was no evidence before the court concerning the terms of the insurance contract. Without a copy of the contract, Hess argues, the court could not construe the duties each party owed to the other. We address each issue in turn, reviewing de novo the district court's legal conclusions. See Commerce and Industry Insurance Co. v. Grinnell Corp., 280 F.3d 566 (5th Cir. 2002). We must determine whether, viewing the record in the light most favorable to Hess, there is a genuine issue of material fact. See id.; Fed.R.Civ.P. 56(c).

A

3

In order to prevail on a claim for bad faith under Texas law, "an insured must show (1) the absence of a reasonable basis for denying or delaying payment of benefits of the policy and (2) that the [insurer] knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." Robinson v. State Farm Fire & Casualty Co., 13 F.3d 160, 162 (5th Cir. 1994)(quoting Aranda v. Insurance Co. of North Am., 748 S.W.2d 210, 213 (Tex. 1988)). Stated differently, the insured must produce evidence that "the insurer knew or should have known that it was reasonably clear that the claim was covered." Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 49 (Tex. 1997).

In the present case, the question is whether Hess produced sufficient evidence of bad faith to survive Nationwide's summary judgment motion. Specifically, Hess must produce some evidence that Nationwide's settlement offer was made in bad faith because it was "reasonably clear" that Hess's claim was covered by her policy. The summary judgment evidence presented to the district court, however, does not support Hess's claim that Nationwide acted arbitrarily or in bad faith. To the contrary, the evidence before the district court suggested only a good faith disagreement between Hess and Nationwide concerning the valuation of her claim.[1] It is well settled that a legitimate dispute over coverage does not

---

[1] Hess does not argue that Nationwide made any misrepresentations to her concerning her claim or her policy coverage.

4

amount to bad faith.  See  Higginbotham v. State Farm Mut. Auto Ins. Co., 103 F.3d 456, 459 (5th Cir. 1997) ("A bona fide controversy is sufficient reason for failure of an insurer to make a prompt payment of a loss claim."); Robinson, 13 F.3d at 162-63 (holding that evidence that shows only a bona fide coverage dispute does not rise to the level of bad faith).

Hess nevertheless maintains that she has raised questions of fact concerning whether Nationwide's disposition of her claim was unreasonable.  First, Hess argues that Nationwide has adopted a policy of arbitrarily denying claims based solely on the name of the medical provider.  To support this contention, Hess points to the deposition testimony of a Nationwide claims adjuster, Deborah Diviney. In her testimony, Diviney stated that the clinic where Hess received treatment is known to "overtreat" its patients and that Hess's bills seemed high.  Later in her testimony, Diviney clarified that she thought the bills were excessive because the clinic had performed unnecessary procedures on Hess.  To the extent that Diviney's testimony is equivocal, it is simply not sufficient to raise an issue of fact concerning whether Nationwide had a policy under which it automatically denied claims based solely on the name of the medical provider.

Second, Hess appears to argue that the district court's grant of partial summary judgment was inappropriate because an issue remains concerning Nationwide's allegedly unreasonable denial of

5

coverage for "damages incident to gross negligence" under Hess's underinsured motorist policy.[2] Nationwide concedes, however, that the policy covers compensatory damages incurred by Hess as a result of the accident -- regardless of whether the accident was caused by negligence or gross negligence. Thus, we construe Hess's argument to be that Nationwide's settlement offer was unreasonable because it reflected Nationwide's decision not to pay punitive damages that the jury could award based on Barrientos's alleged gross negligence.

In any event, we need not address the merits of this argument because Hess did not raise the argument before the magistrate judge or the district court in her response to Nationwide's motion for partial summary judgment.[3] More precisely, Hess did not argue that

---

[2] Hess similarly argues that the district court erred during the trial on damages by excluding evidence that Barrientos was intoxicated at the time of the accident. According to the parties' joint pre-trial order, however, the only issue at trial was "the nature and extent of [Hess's] alleged personal injuries resulting from this automobile collision as well as the amount of medical expenses and any causal relationship to this automobile accident." The district court therefore did not abuse its discretion when it ruled that evidence of Barrientos's intoxication was not admissible at trial because it is not relevant to the damage issue.

[3] In her (untimely) objections to the magistrate judge's recommendations, Hess discussed whether Texas law permits insurance coverage for punitive damage awards. Hess indicated that this discussion was in response to Nationwide's "request[] that the court declare there is no coverage" for punitive damages under the underinsured motorist policy. As an initial matter, Nationwide did not make any such "request" in its motion for partial summary judgment. In any event, Hess's objection on this point was framed as a "breach of contract issue" and therefore was not connected to Hess's extra-contractual bad faith claim.

6

Nationwide's settlement offer was made in bad faith because the offer was based on an unreasonable refusal to cover any potential punitive damage award.

We have held that, "[o]nce the movant presents a properly supported motion for summary judgment," Rule 56 imposes on the non-moving party a "duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment." Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996) (citations omitted). Because Hess failed to raise her punitive damages argument below to support her claim that Nationwide acted unreasonably, she did not fulfill her duty under Rule 56. We therefore find no error in the district court's grant of partial summary judgment in favor of Nationwide.

B

As noted above, Hess also argues that the district court erred in granting partial summary judgment in favor of Nationwide because the record did not contain the insurance policy at issue. This argument is unavailing because the terms of the insurance policy were not directly at issue in disposing of the summary judgment motion. Although the terms of the insurance policy may be relevant to bad faith allegations under some circumstances, the policy terms were not at issue in Nationwide's motion for partial summary judgment. Similarly, the only evidence of bad faith identified in Hess's brief in opposition to the summary judgment motion was

Diviney's testimony concerning the basis for the settlement offer.

In sum, we conclude that the district court properly granted Nationwide's motion for partial summary judgment because Hess has not produced any probative evidence from which a reasonable fact-finder could conclude that Nationwide's settlement offer was unreasonable or made in bad faith.

III

For the reasons set out above, the judgment of the district court is

AFFIRMED.