18-2512
Zhang v. Barr

BIA
Conroy, IJ
A095 725 165

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,*
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

LINGHUA ZHANG,
> *Petitioner,*

v.                                          18-2512
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Theodore N. Cox, Esq., New York, NY.

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Linghua Zhang, a native and citizen of the People's Republic of China, seeks review of a July 31, 2018 decision of the BIA affirming a September 8, 2017 decision of an Immigration Judge ("IJ"), which denied Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Linghua Zhang,* No. A 095 725 165 (B.I.A. July 31, 2018), *aff'g* No. A 095 725 165 (Immig. Ct. N.Y. City Sept. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d

2

Cir. 2018); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Credibility

The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the "inherent plausibility" of her account, and inconsistencies in her statements or between her statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Zhang was not credible.

First, the agency reasonably relied on an inconsistency in Zhang's testimony regarding whether she had ever possessed documentation of her encounters with the police in China. She testified that she had been issued documents related to her interactions with the police in China and lost them when she lost her cell phone, but later testified that she did not ever have those documents, and that she only had pictures of

3

church gatherings.  The agency was not required to accept her explanation that she misunderstood the initial question.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (quoting *Zhang v. U.S. I.N.S.*, 386 F.3d 66, 76 (2d Cir. 2004))).

Second, the agency reasonably found implausible Zhang's testimony that she did not know the name of any of her former pastors.  We defer to the agency's implausibility findings so long as they are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived."  *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).  The agency reasonably found Zhang's explanation that many of her former pastors were elderly or deceased unsatisfactory.  Even crediting her earlier statement that members of her community did not refer to elderly people by their names out of respect, she claimed only that "many" of the pastors were elderly, she did not offer the title that she referred to the pastors by when asked

4

for a name, and the fact that some of her pastors are now deceased does not explain why she would not know their names, especially given the role that that the church allegedly played in her life. Certified Administrative Record ("CAR") at 121.

Third, the agency made a negative demeanor finding, describing Zhang as "nervous" when questioned about issues beyond the scope of her written statement. CAR at 63. Nervousness does not necessarily imply untruthfulness, but the appearance that testimony is memorized or scripted does undermine credibility. *Cf. Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (deferring to IJ's finding that "petitioner was evasive and non-responsive in a manner that suggested untruthfulness, rather than nervousness or difficulty comprehending the proceedings"); *see also Majidi*, 430 F.3d at 81 n.1 (affording particular deference to demeanor finding because IJ "is in the best position to discern, often at a glance, . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'" (quoting *Zhang*, 386 F.3d at 73)). As noted above, Zhang testified inconsistently

5

regarding the nature of the evidence she allegedly lost with her cell phone and could not name any of her former pastors—both of which were issues that she had not addressed in her written statement.

Finally, the agency reasonably concluded that the absence of reliable corroborating evidence further undermined Zhang's credibility. An asylum applicant's failure to corroborate her testimony may bear on her credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zhang did not present any contemporaneous documentation of her church attendance in China or her encounters with the police. The letters from her churches in China and the United States corroborated her religious practice, but not her claims of past persecution. The only evidence corroborating Zhang's claims of past abuse was letters from her friends and family, which the agency reasonably accorded little weight because they were authored by interested witnesses unavailable for cross-examination. *See In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from the applicant's

6

friends and family did not provide substantial support for the applicant's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China).

Accordingly, given the inconsistency, implausibility, and demeanor findings, and the absence of reliable corroborating evidence, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Future Persecution

Absent past persecution, an applicant may prevail on an asylum claim by demonstrating that she subjectively fears future persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant can show that a fear is objectively reasonable by establishing either a "reasonable possibility . . . she would be singled out individually for persecution," or a "pattern or practice" of persecution of "persons similarly situated" to her. 8 C.F.R.

7

§ 1208.13(b)(2)(iii)(A); *see also Y.C.*, 741 F.3d at 332; *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group). Where the claim is based on activities undertaken after the applicant's arrival in the United States, this requires "some showing that authorities in [her] country of nationality are (1) aware of [her] activities or (2) likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Although the agency credited Zhang's claim that she practices Christianity in the United States, it reasonably concluded that she did not have an objectively reasonable fear of future persecution on that basis. Zhang did not claim that the Chinese government was aware of her religious practice in the United States and, other than the testimony

8

that the agency found not credible and the letters to which the agency reasonably assigned minimal weight, Zhang's claim that the Chinese government knew or would learn of her religious practice in China was based only on country-conditions evidence regarding the treatment of Christians. Accordingly, her argument is that she will attend an underground church in China, that there is a reasonable possibility that the Chinese government will learn of that attendance and persecute her as a result, and that she established that possibility by showing a pattern or practice of persecution of similarly situated Christians. *See Hongsheng Leng*, 528 F.3d at 142–43.

Zhang argues that she satisfied her burden to demonstrate an objectively reasonable fear of future persecution, but she does not identify any evidence in the record that supports this claim, and the agency reasonably concluded that she failed to make that showing. First, as the BIA emphasized, Zhang failed to provide any evidence of the persecution of similarly situated individuals. Moreover, as the IJ found, the record reflects that there are an estimated 68 million Protestants in China, only 23 million of whom are affiliated with a government-sanctioned church. *See* CAR at 242 (U.S.

9

State Dept. 2015 Int'l Religious Freedom Rep.).  While the agency did not discuss all the evidence in the record, it gave "reasoned consideration to the petition, and made adequate findings," and it did not need to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted) (quoting *Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006)).  A review of the record shows that there is significant regional variation in the treatment of members of unsanctioned religious groups in China, and does not establish a pattern or practice of persecution of underground church members in Zhang's native Fujian Province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 169–70 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to Fujian Province when persecutory acts in China vary according to province).

In sum, Zhang did not meet her burden for asylum because she did not present credible evidence that she suffered past harm or was at risk of being singled out for future harm, and she did not establish that there is a pattern or practice of

10

persecuting Christians who attend underground churches in China. *See* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 1208.13(b)(1), (2). Because Zhang failed to meet her burden for asylum, she "necessarily" failed to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).[1]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] Because these findings are dispositive, we do not reach the agency's alternative findings that Zhang did not satisfy her burden of proof because she failed to present reasonably available corroborating evidence of her past harm and that she waived her CAT claim.

11