Yiying Zhang v. Garland

BIA
Cassin, IJ
A200 695 703

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-two.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

YIYING ZHANG,
> *Petitioner*,

v.                                                    **19-3420**
                                                      **NAC**
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Troy Nader Moslemi, Flushing, NY.

FOR RESPONDENT:                Gerard M. Alexander, Trial
                               Attorney, (Linda S. Wernery,
                               Assistant Director, Office of
                               Immigration Litigation, *on the*

*brief*), *for* Brian Boynton, Acting Assistant Attorney General, Civil Division United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yiying Zhang, a native and citizen of the People's Republic of China, seeks review of a September 30, 2019 decision of the BIA affirming a February 15, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Yiying Zhang,* No. A 200 695 703 (B.I.A. Sept. 30, 2019), *aff'g* No. A 200 695 703 (Immig. Ct. N.Y.C. Feb. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant. . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's determination that Zhang was not credible as to her claims that she was detained and fined for spreading her Christian religion and forced to have an abortion under China's family planning policy is supported by substantial evidence.

As an initial matter, the agency reasonably relied on Zhang's statements at her airport and credible fear interviews. We examine reliance on such interviews "with

3

care," but where, as here, the interview records contain sufficient indicia of reliability, they may be considered. *Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). Zhang does not dispute that the credible fear interview bears indicia of reliability, and we conclude that the airport interview also was sufficiently reliable because the record of the airport interview "is typewritten, signed by petitioner, and initialed by her on each page" and "contains no indication that the alien was reluctant to reveal information or did not understand English or the translations provided by the interpreter." *Id.* at 721-22 (cleaned up).

Given the reliability of these records, the agency appropriately gave considerable weight to Zhang's omission of her family planning policy claim at both her airport and credible fear interviews. *See id.* at 726 (upholding adverse credibility determination based on applicant's failure to mention forced abortions at both airport and credible fear interviews). At her credible fear interview, Zhang was asked several open-ended questions about why she sought protection in the United States, including whether she had "ever been mistreated" by anyone in China. It is irrelevant whether

4

Zhang knew that her forced abortion could be the basis of an asylum claim at this time because she was not asked whether she had a legally cognizable claim; she was asked general questions about mistreatment and her reasons for fearing return to China and expressed fear only of being arrested, detained, and fined for spreading her religious beliefs.

Inconsistencies in Zhang's own statements and between her testimony and that of her witnesses further support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang made an affirmative statement at her airport interview that she was baptized in China, but later testified that she was baptized only in the United States. In addition, Zhang's testimony about the days she went to the church differed from the testimony of her church witness, and the IJ was not compelled to credit Zhang's explanation that she mentioned only the days she attended services, not the days she went to the church to clean. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

to credit his testimony." (internal quotation marks and citation omitted)). And Zhang and her husband gave inconsistent testimony about where her husband and son lived.

The omission and inconsistencies constitute substantial evidence for the adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 76; *Xiu Xia Lin*, 534 F.3d at 165–66. That determination is dispositive of Zhang's asylum, withholding of removal, and CAT claims because they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We do not reach Zhang's arguments regarding her son because she did not include him on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117-25 (2d Cir. 2007) (holding that we generally require petitioner to exhaust all issues before the BIA).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court