Singh v. Garland

BIA
Christensen, IJ
A209 937 952

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

PRESENT:
    ROBERT D. SACK,
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

KULWINDER SINGH,
        *Petitioner,*

    v.                                          20-4265
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Suraj Raj Singh, Esq., Richmond
                           Hill, NY.

FOR RESPONDENT:            Brian M. Boynton, Acting Assistant
                           Attorney General; Kohsei Ugumori,

Senior Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kulwinder Singh, a native and citizen of India, seeks review of a December 14, 2020 decision of the BIA affirming an April 19, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Kulwinder Singh*, No. A209 937 952 (B.I.A. Dec. 14, 2020), *aff'g* No. A209 937 952 (Immig. Ct. N.Y. City Apr. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be

2

compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard").

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

As an initial matter, the agency did not err in relying on the record of Singh's credible fear interview because it bears sufficient indicia of reliability: while not a transcript, the interview is "memorialized in a typewritten document setting forth the questions put to [Singh] as well as [his] responses"; the interview was conducted with a Punjabi interpreter, whom Singh stated he could understand; and the asylum officer explained the purpose of the interview, the fact that Singh could seek clarification at any point, and asked Singh questions about past and future harm that were designed to elicit an asylum claim. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). As Singh's credible fear interview "was both (1) conducted in a non-coercive and careful manner, and (2) appropriately documented by the interviewing authorities . . . the record of that interview was sufficiently reliable to merit consideration." *Id.* at 725-26 (quotation marks and citations omitted).

Secondly, the inconsistencies between that interview and Singh's testimony cut to the heart of Singh's claim. Singh stated in his credible fear interview that he was attacked by members of a rival political party on September 5, 2013 and

4

May 8, 2016, but he testified that the attacks occurred on April 5, 2016 and September 1, 2016.  *See Xiu Xia Lin*, 534 F.3d at 167 (noting agency "may rely on *any* inconsistency"); *Hong Fei Gao*, 891 F.3d at 78 ("inconsistencies created by direct contradictions in evidence and testimony" are more probative than omissions).  The agency also reasonably relied on inconsistencies between Singh's testimony and interview as to whether he recognized his attackers and was injured in the second attack, as well as whether he was approached or threatened by rival party members prior to the first attack.  *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [Petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding"); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").  Moreover, the agency was not required to accept Singh's explanations that

5

he could not remember what he said in his interview or that he was scared. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Finally, the agency reasonably found that Singh did not rehabilitate his claim with reliable corroboration. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh provided letters from his parents, a witness to one of his attacks, a friend, a local elected official from his hometown, a party official, his Sikh temple in India, and a doctor he claimed treated him after one of the attacks. The IJ did not err when it afforded this evidence minimal weight, as none of the authors were available for cross examination, Singh's parents were interested witnesses, and the letter from his political

6

party contained an erroneous statement that Singh was targeted by that party as well as the opposing party. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision to afford little weight to letter from applicant's spouse in China); *see also Likai Gao*, 968 F.3d at 149 (concluding that "IJ acted within her discretion in according . . . little weight" to letters from applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination"); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (quotation marks and citation omitted)).

The inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*,

968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court