21-6174
Kayoon v. Garland

BIA
Ruehle, IJ
A205 152 957

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand twenty-three.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
MYRNA PÉREZ,
     *Circuit Judges.*

_____

REAAZ HASIB KAYOON,
     *Petitioner,*

     **v.**                 **21-6174**

                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

**FOR PETITIONER:**         Matthew K. Borowski, Borowski Witmer Immigration Lawyers, Buffalo, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Reaaz Hasib Kayoon, a native and citizen of Guyana, seeks review of a February 26, 2021 decision of the BIA affirming an August 8, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Reaaz Hasib Kayoon*, No. A205 152 957 (B.I.A. Feb. 26, 2021), *aff'g* No. A205 152 957 (Immig. Ct. Buffalo Aug. 8, 2018). Kayoon asserts past persecution and a fear of future persecution in Guyana on account of his sexual orientation. Because we conclude that substantial evidence supports the adverse credibility finding, we deny the petition. We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility

2

determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Under this standard, we treat administrative findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The IJ may, "[c]onsidering the totality of the circumstances," base a credibility determination on "the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. "Where the IJ's adverse credibility finding is based on specific examples of inconsistent statements or contradictory evidence, a

3

reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Xiu Xia Lin*, 534 F.3d at 166 (internal quotation marks and ellipses omitted).

Substantial evidence supports the adverse credibility determination. First, the IJ properly relied on Kayoon's implausible testimony concerning the passport he used to enter the United States in 2007. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Kayoon conceded that he had used a passport in the name of Vicky Ram, but testified that he did not know who Vicky Ram was or anything about him. However, he was referred to secondary questioning when he entered the United States as Vicky Ram and was allowed to enter because he confirmed information regarding the siblings of Vicky Ram. Given that confirmation, the IJ reasonably found Kayoon's purported lack of knowledge of Vicky Ram implausible. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal quotation marks and citations omitted)).

The agency also reasonably relied on Kayoon's inconsistent statements and omissions about whether he was attacked after being seen with another man. *See*

4

8 U.S.C. § 1158(b)(1)(B)(iii). He first testified that he was attacked because he was seen kissing a man he was in a relationship with; he later testified that he was uncertain if they were seen. His application omitted the incident entirely and listed the circumstances of his alleged attacks, none of which matched his testimony. Given the conflicting descriptions, the agency was not required to accept his explanation that he did not remember to include this incident in his affidavit. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Moreover, as this was the sole incident directly linking the alleged assaults to his sexual orientation, the agency did not err in relying on the omission because this was information that an applicant "would reasonably have been expected to disclose under the . . . circumstances." *Hong Fei Gao*, 891 F.3d at 79.

Other inconsistencies and omissions bolster the adverse credibility determination. Kayoon made additional inconsistent statements about who knew he was bisexual. He testified that he was fired from a job when his employer found out he was bisexual, that only his parents and grandmother knew that he was

bisexual, and that other people witnessed him in a relationship. Kayoon's statements also were not wholly consistent about persecution he witnessed in Guyana. He testified and mentioned in his interview with a psychologist that he witnessed the police beating gay people, but he did not mention that fact in his affidavit.

The agency also reasonably concluded that Kayoon's credibility was further undermined by the lack of corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The burden was on Kayoon to establish his eligibility for asylum and the IJ was permitted to require corroboration given the credibility issues. *See id.*; *see also* 8 U.S.C. § 1158(b)(1)(B)(i)–(ii); *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (holding that "the [noncitizen] bears the ultimate burden of introducing . . . evidence without prompting from the IJ" (quoting *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009)).

Relatedly, we find no due process violation in the IJ's rejection of a letter purporting to corroborate medical treatment submitted on the day of decision

approximately six months after the merits hearing. Evidence is due at the latest 15 days before the merits hearing. *See* Immigration Court Practice Manual, Chapt. 3.1(b)(ii)(A). "If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c).[1] Given Kayoon's testimony that it only took a phone call to his uncle to obtain the letter, nothing prevented him from obtaining it earlier. Accordingly, he was not deprived of due process. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, a[] [noncitizen] must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." (internal quotation marks omitted)).

Kayoon's implausible testimony, the omissions and inconsistencies, and the lack of corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166–67; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of

---

[1] This citation is to the version of the regulations in effect at the time of the IJ's decision. The proposition is now found in sub-section (h) of § 1003.31.

removal, and CAT protection because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court